UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUIS REA BARKER,<br>Defendant. | CASE NO. 3:95-cr-05339-BHS<br>ORDER |

This matter is before the Court on Luis Rea Barker's "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. §1651(a)." Dkt. 38.

## I. BACKGROUND

In 1995, Barker pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 27 months in custody and three years of supervised release. The predicate felonies to Barker's § 922(g)(1) conviction were a pair of convictions for violating former RCW 69.50.4013, Washington's Uniform Controlled Substances Act ("WUCSA").

In *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), the Washington Supreme Court held that WUCSA was unconstitutional insofar as it relieved the State of its burden

to establish *mens rea*, making simple possession of drugs a strict liability offense. Like many individuals convicted under WUSCA, Barker's convictions were vacated under *Blake*. His 1993 conviction was vacated in December 2021, and his 1994 conviction was vacated in July 2026.

Barker now seeks an extraordinary writ of *coram nobis*, an ancient common-law tool for correcting legal and factual errors for which a more usual remedy is not available. Barker argues that because the predicate drug convictions have been vacated, his conviction under 18 U.S.C. § 922(g)(1) represents such an error. The United States opposes Barker's motion, arguing that Barker has not identified an error in his § 922(g)(1) conviction, and that his petition is untimely.

## II. DISCUSSION

A writ of *coram nobis* is an extraordinary remedy awarded only "to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007). To qualify for *coram nobis* relief, the movant must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). If any of these requirements are not met, the writ will not issue. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). In this case, the Government concedes that Barker has satisfied the first and third elements, but not the second and fourth. Dkt. 40 at 4. The

Court begins with the fourth element and considers whether Barker has shown an "error . . . of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Hirabayashi*, 828 F.2d at 604.

As Barker seems to acknowledge, the biggest stumbling block to his argument—and the case upon which the Government's opposition primarily relies—is *Lewis v. United States*, 445 U.S. 55(1980). In 1961, Lewis was convicted in state court of breaking and entering, a felony offense. Almost twenty years later, in 1977, Lewis was arrested and charged with unlawful possession of a firearm under former 18 U.S.C. §1202(a)(1), the predecessor to 18 U.S.C. § 922(g)(1). In the time between Lewis' 1961 conviction and his 1977 arrest, the Supreme Court issued *Gideon v. Wainwright*, 372 U.S. 335 (1963), incorporating the Sixth Amendment right to counsel against the states. Because Lewis did not have counsel in 1961, he argued that his state conviction was unconstitutional and could not serve as a predicate conviction for purposes of §1202(a)(1). The district court rejected the claim, concluding that the constitutionality of the conviction was immaterial with respect to his status as a previously convicted felon at the time of his arrest. The Sixth Circuit and the Supreme Court affirmed.

The Supreme Court held that the triggering condition for criminal liability under § 1202(a)(1) was the "mere fact of conviction," not an unassailable conviction or even a valid one. *Lewis*, 445 U.S. at 67. The Court called the statutory language "sweeping," and held that the "firearm disability [continues] until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury." *Id.* at 60-61. Although a convicted felon is

free to challenge their predicate conviction, or otherwise remove their disability, *before* obtaining a firearm, the Court made clear possessing a firearm while under a felony conviction—even an ultimately invalid one—was an actionable offense under § 1202(a)(1). *See id.*

The Ninth Circuit has recognized that *Lewis'* holding extends to 18 U.S.C. § 922(g)(1). *See United States v. Marks*, 379 F.3d 1114, 1117 (9th Cir. 2004) (collecting cases). In *Marks*, the Court held that even if the defendant received constitutionally ineffective assistance of counsel in the proceedings that led to his predicate felony conviction, it would be immaterial to whether he could be prosecuted under 18 U.S.C. § 922(g)(1). *Marks* is a particularly informative case for purposes of this analysis, as it contrasts the requirements imposed by Washington's unlawful possession of a firearm statute, RCW 9.41.040—which requires a "constitutionally valid predicate conviction," 379 F.3d at 1118 (quoting *State v. Gore,* 101 Wn.2d 481, 485, (1984)—with § 922(g)(1) , which "contains no explicit requirement that the convictions be constitutionally valid." *Marks* makes clear that a state felony conviction is a predicate offense for purposes of § 922(g)(1) even if it is later set aside.

The Ninth Circuit reaffirmed this principle in *United States v. Padilla*, 387 F.3d 1087 (9th Cir. 2004). Padilla was convicted of possession of cocaine for sale in California, which served as the predicate for his later conviction under § 922(g)(1). The California superior court subsequently vacated Padilla's drug conviction because he was a minor at the time he was convicted as an adult. Padilla moved to vacate his § 922(g)(1) conviction, arguing that it rested on an invalid predicate conviction. The district court

denied Padilla's request, and the Ninth Circuit affirmed, explaining that "the only relevant circumstance for present purposes is Padilla's status as a convicted felon *at the time he possessed a firearm*." *Id.* at 1091. In reaching this conclusion, the court further rejected Padilla's effort to distinguish between convictions that are voidable, and those which are void *ab initio*, finding that this distinction was "semantic and ha[d] no significant for purposes of §922(g)(1)." *Id.* at 1091–92 (citing *United States v. Mayfield,* 628 F.Supp. 1515 (D.Kan.1986)).

To distinguish *Lewis*, Barker relies on two cases from this district where the court granted *coram nobis* petitions seeking relief from convictions predicated on now-vacated WUCSA convictions: *Gray v. United States*, No. CR09-0170-JCC, 2023 WL 8528651 (W.D. Wash. Dec. 8, 2023) and *United States v. Tinker-Smith*, 765 F. Supp. 3d 1070 (W.D. Wash. 2025). In *Gray*, the petitioner, like Barker, sought to vacate a conviction for violating § 922(g)(1) predicated on a vacated *Blake* conviction. The Government opposed the request on narrow timeliness grounds, arguing that his failure to do so within four years of potentially dispositive Supreme Court decisions. The district court concluded that the petitioner's timing in attacking his conviction within one year of Blake was valid. The order did not address *Lewis* or *Marks* or explain why a firearm conviction predicated on a then-extant felony conviction would later be rendered erroneous when, as *Lewis* held, the triggering condition is the existence of a conviction, even a constitutionally defective one.

*Tinker-Smith* distinguished *Lewis* and its progeny on their procedural posture. Tinker-Smith was convicted of aiding and abetting a felon in possession of a firearm after

she supplied guns to her son, who had been convicted in state court for possessing marijuana. When her son's conviction was vacated post-*Blake*, Tinker-Smith filed a petition for writ of *coram nobis* asking the court to vacate her conviction as well. In granting her petition, the court noted that unlike in *Lewis* and *Marks*, where the defendants collaterally attacked the validity of still-existing convictions, the predicate felony conviction of Tinker-Smith's son had already been vacated by the time she filed her petition. The court reasoned that because the convictions had been vacated as unconstitutional, and the fact of their unconstitutionality was "not previously apparent on the face of the record, an error of fundamental character [had] been revealed."[1]

This Court does not agree that the procedural distinction drawn in *Tinker-Smith* helps Barker get around *Lewis* and *Marks*. The operative question is whether there was an error of fact or "egregious legal error[]" so "fundamental" that the "proceeding itself is rendered invalid." *Est. of McKinney By & Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995) (citation modified). It is helpful to first identify the relevant "proceeding" in focus, which is Barker's prosecution under §922(g)(1). If Barker had successfully vacated his *Blake* convictions *prior* to obtaining a firearm, a conviction under § 922(g)(1) could not stand. That is not what happened. Instead, Barker had outstanding felony convictions *at the time* he was found in possession of a firearm, and as *Lewis* and *Marks* make clear, it is not legal error under those circumstances to convict

[1] A similar petition was granted in *United States v. Asuncion*, No. 1:25-CV-3044-EFS, 2025 WL 2921829 (E.D. Wash. Oct. 14, 2025), which likewise distinguished *Lewis* on procedural grounds.

under § 922(g)(1) even if the predicate conviction is ultimately held to be invalid. Indeed, *Marks* and *Padilla* quote favorably from *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998), where the court declined the defendant's request for *habeas* relief from his § 922(g)(1) conviction despite the fact the predicate felony conviction had since been vacated.

## III. ORDER

Therefore, it is hereby **ORDERED** that Barker's motion for writ of *coram nobis*, Dkt. 38, is **DENIED**.

Dated this 14th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge